**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4733**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

NKHENGE SHROPSHIRE, a/k/a Konjay Shropshire,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:13-cr-00248-FDW-1)

───────────────

Submitted:  September 28, 2023                    Decided:  October 2, 2023

───────────────

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Jennifer Coulter, COULTER LAW OFFICE, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nkhenge Shropshire appeals the judgment imposed following the district court's revocation of her supervised release. The court sentenced Shropshire to 15 months' imprisonment, to be served consecutively to the sentence imposed for Shropshire's new federal offenses, which formed the basis for two of her supervised release violations. On appeal, Shropshire argues that the district court failed to sufficiently explain its imposition of a consecutive sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the

sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). Similarly, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017).

Pursuant to 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." Further, in situations where the defendant committed a new criminal offense while on supervised release, the Guidelines recommend that the sentences for the offense and the supervised release violation run consecutively. U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2021). Here, the district court properly considered the fact that supervised release did not deter Shropshire from committing new fraud offenses, as well as her criminal history and the need to avoid unwarranted sentencing disparities, in rejecting Shropshire's arguments in favor of a revocation sentence imposed concurrently with her new criminal sentence. We therefore conclude that Shropshire's sentence is procedurally reasonable, as the court provided an adequate explanation for its sentencing decision after considering the applicable § 3553(a) factors.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*